IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
2009 FEB 23 PM 4:25

CHARLES R. THEUS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO.: CV207-151

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald B. Fishman ("ALJ" or "ALJ Fishman"), denying his claim for disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff protectively filed for disability benefits on October 9, 2003, alleging that he became disabled on February 13, 2003, (Tr. at 16) as the result of limitations from cardiovascular disease and ischemic peripheral vascular disease. (Tr. at 88). Plaintiff filed a timely request for a hearing. On October 12, 2005, the ALJ held a hearing in Savannah, Georgia, at which Plaintiff appeared and testified. Don K. Harrison, a vocational expert, also testified at this hearing. (Tr. at 16). The ALJ determined that Plaintiff was not disabled. (Tr. at 24-25). The Appeals Council denied Plaintiff's request

AO 72A
(Rev. 8/82)

for review of the ALJ's denial of benefits, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5-8).

Plaintiff, born on August 4, 1964, was forty-one (41) years old when the ALJ issued his decision. He has a tenth grade education. (Tr. at 419). He has past relevant work experience as a firefighter and heavy equipment operator. (Tr. at 436-37).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Yuckert, 482 U.S. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Id. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to

determine if the impairment precludes the claimant from performing his past relevant work. Id. If the claimant is unable to perform his past relevant work, then the final step of the evaluation process determines whether he is able to perform other work in the national economy, considering her age, education, and work experience. Yuckert, 482 U.S. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the instant case, the ALJ followed the sequential process to determine that Plaintiff did not engage in substantial gainful employment after the alleged disability onset date of February 13, 2003. At Step Two, the ALJ determined that Plaintiff had the severe impairments of history of congestive heart failure, degenerative disc disease, status post cervical fusion, and coronary artery disease. (Tr. at 19). However, the ALJ also determined, at Step Three, that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment. (Tr. at 21). The ALJ found that Plaintiff has the residual functional capacity to perform work at the sedentary exertional level, with additional limitations. (Tr. at 24). At the Fourth Step, the ALJ found that Plaintiff is not able to perform any past relevant work. (Tr. at 23). However, the ALJ determined, at the Fifth Stage, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 24).

## ISSUES PRESENTED

The issues presented in this review are whether:

I. the ALJ improperly discounted the opinion of Plaintiff's treating physician;

II. substantial evidence supports the ALJ's finding that Plaintiff did not meet Listing 4.02; and

III. the ALJ erred by failing to obtain a medical consultant.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F. 3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F. 2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.     ALJ Fishman improperly discounted the opinion of Dr. Christopher Wixon.**

Plaintiff contends that ALJ Fishman minimized his peripheral vascular disease without evaluating or acknowledging the opinion of his treating vascular surgeon, Dr.

Wixon. (Doc. No. 12, p. 18). Plaintiff notes that Dr. Wixon opined that it was not likely that he was able to be gainfully employed due to his combined impairments. Plaintiff asserts that the ALJ can not ignore the evidence that does not support his conclusion. (Id.). Defendant contends that ALJ Fishman properly discounted Dr. Wixon's opinion. (Doc. No. 15, pp. 8-9).

The ALJ noted that Plaintiff was diagnosed with atherosclerotic peripheral vascular disease and underwent second left toe amputation. ALJ Fishman observed that Dr. Randy Bottner treated Plaintiff for peripheral vascular disease. ALJ Fishman further observed that Plaintiff's lower extremity vascularity had improved despite the fact that he continued to smoke. (Tr. at 19). The ALJ remarked that Dr. Bottner opined in his work related assessment that Plaintiff's leg pain caused by his ischemic peripheral vascular disease precluded his ability to stand or walk for any significant portion of the day. Dr. Bottner further opined that Plaintiff's resting leg pain would prevent him from sitting for an eight hour work day and would prevent him from concentrating for more than a few minutes at a time. Dr. Bottner then opined that Plaintiff could not sustain a sedentary job on a forty hour work week basis. The ALJ noted that Dr. Stanley Wallace performed an internal consultative examination on Plaintiff. The ALJ further noted that Dr. Wallace's examination of the extremities showed no cyanosis or clubbing, no edema, and peripheral pulses revealed that the femoral pulse was normal on the right and left. Dr. Wallace's diagnosis was peripheral vascular disease with intermittent claudication. (Tr. at 20). ALJ Fishman observed that Plaintiff has a history of circulatory problems in his legs and feet, which cause some standing restrictions. ALJ Fishman further observed that Plaintiff alleged that he has to sit on the couch or lie in bed 90% of

the time, but yet testified that he goes fishing for four hours at a time and catches fish that weigh up to thirty pounds. (Tr. at 22).

The ALJ discounted Dr. Wallace's first medical assessment and gave greater weight to his response dated April 4, 2006, in which he indicated that Plaintiff would be able to perform sedentary work. The ALJ observed that Dr. Wallace did not provide sufficient evidence to support his conclusion in the first assessment that Plaintiff could sit for only three hours total in an eight hour workday. The ALJ further observed that there are no documented records indicating that Plaintiff has alleged any difficulty with sitting for prolonged periods of time. (Tr. at 22). ALJ Fishman discounted Dr. Bottner's opinion because it was not supported by the objective medical evidence and it was contradictory to his treatment records. ALJ Fishman remarked that he gave greater weight to Dr. Wallace's medical opinion because he is more qualified to assess and offer a medical opinion on Plaintiff's cardiac problems, as his medical specialty is internal medicine and cardiology. (Tr. at 23).

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F. 2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F. 2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F. 2d at 583. When the Commissioner rejects the opinion of the treating physician, he must give "explicit and adequate" reasons for the rejection. Elam v. Railroad Retirement Board, 921 F. 2d 1210, 1215 (11th Cir. 1991). The ALJ is required

to "state with particularity the weight he gave different medical opinions and the reasons therefore." Sharfarz v. Bowen, 825 F. 2d 278, 279 (11th Cir. 1987).

The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. Social Security Ruling 96-8p. "An ALJ is not entitled to pick and choose through a medical opinion, taking only the parts that are favorable to a finding of nondisability." Kerwin v. Astrue, 244 Fed. Appx. 880, 885 (C.A. 10 (Okla.) 2007). The ALJ must offer at least a minimal level of articulation in his evaluation of all of the evidence. Dixon v. Bowen, 1986 WL 8760, *4 (N.D. Ill. 1986).

ALJ Fishman improperly discounted the medical opinion of Plaintiff's treating physician, Dr. Wixon. The ALJ's assessment of Plaintiff's residual functional capacity failed to mention, consider, or address Dr. Wixon's medical opinion that Plaintiff would not likely be employable due to the combined effects of his impairments. See SSR 96-8p. ALJ Fishman did not offer a minimal level of articulation in his evaluation of the evidence;[1] much less give explicit and adequate reasons for his rejection of Dr. Wixon's opinion. See Elam, 921 F. 2d at 1215. Accordingly, this case should be remanded so that the ALJ may make appropriate findings regarding Dr. Wixon's medical opinion.

II.  **Plaintiff's remaining enumerations of error.**

Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Bottner, his treating physician. (Doc. No. 12, pp. 13-20). Plaintiff noted that Dr. Wallace found in his assessment of Plaintiff's ability to do work related activities that he could only sit for three hours and stand/walk for one hour total in an eight hour work day. (Id. at 18).

---

[1] See Dixon, 1986 WL 8760 at *4.

Plaintiff further noted that Dr. Wallace changed his opinion four months later and found that Plaintiff could perform sedentary work, but did not reexamine him or offer any explanation for the change. (Id. at 18-19). Plaintiff asserts that the ALJ erred by adopting Dr. Wallace's second opinion without resolving the conflict between the two opinions. (Id. at 19). Plaintiff contends that the ALJ's finding that he did not meet Listing 4.02 was not supported by substantial evidence. Plaintiff further contends that the ALJ erred by not ordering an exercise test to help determine whether he met Listing 4.02. (Id. at 20-22).

A determination of whether the ALJ properly discounted Dr. Bottner's medical opinion does not have to be made at this time, although the undersigned notes that the ALJ stated with particularity the weight he gave different medical opinions and the reasons therefore. See Sharfarz, 825 F. 2d at 279. However, on Remand, ALJ Fishman should resolve the conflict between Dr. Wallace's two opposing opinions and offer an explanation as to how Dr. Wallace could come to a different conclusion four months later without reexamining Plaintiff or offering an explanation for the change. The ALJ's assertion that Dr. Wallace is more qualified to assess and offer a medical opinion on Plaintiff's cardiac problems is also dubious considering Dr. Bottner's extensive background in cardiology. The resolution of the aforementioned concerns is required before a determination can be made as to whether substantial evidence supports the ALJ's finding that Plaintiff did not meet Listing 4.02. The undersigned notes that the ALJ is not required to purchase an exercise test, or have a medical consultant determine whether an exercise test would present significant risk, if he can determine, with the evidence on record, that Plaintiff did not meet Listing 4.02. 20 C.F.R. Pt. 404,

AO 72A
(Rev. 8/82)

8

Subpt. P, App. 1. If necessary, the ALJ should order a new consulting physician to examine Plaintiff and assess his ability to do work related activities.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 23rd day of February, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE